**Opinion issued July 20, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00634-CR

————————————

**JEFFERSON LAYUG BLAKEMORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 228th District Court
Harris County, Texas
Trial Court Case No. 1711787

## MEMORANDUM OPINION

The trial court found appellant, Jefferson Layug Blakemore, guilty of the felony offense of continuous sexual abuse of a child[1] and assessed his punishment at confinement for thirty years. Appellant timely filed a notice of appeal.

---

[1]    *See* TEX. PENAL CODE ANN. § 21.02(b), (h).

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed the Court that she provided appellant with a copy of the brief, the motion to withdraw, and the appellate record. Counsel has also informed appellant of his right to examine the appellate record and file a response to counsel's *Anders* brief, and she provided appellant with a form motion to access the appellate record.[2] *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). On February 27, 2023,

---

[2] This Court also notified appellant that counsel had filed an *Anders* brief and a motion to withdraw and informed appellant that he had a right to examine the appellate record and file a response to his counsel's *Anders* brief. And this Court provided appellant with a form motion to access the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

appellant filed a letter, which we construe as a pro se response to his counsel's *Anders* brief.

We have independently reviewed the entire record in the appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeals is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that appellant may challenge a holding that there are no arguable grounds for an appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

**Conclusion**

We affirm the judgment of the trial court and grant appellant's appointed counsel's motion to withdraw.[3] Attorney Daucie Schindler must immediately send

---

[3] Appellant's appointed counsel still has a duty to inform appellant of the result of this appeal and that appellant may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

appellant the required notice and file a copy of the notice with the Clerk of this Court.

*See* TEX. R. APP. P. 6.5(c).  We dismiss any pending motions as moot.


Julie Countiss
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish.  TEX. R. APP. P. 47.2(b).